Statement of the Case.
NICHOLLS, J.
The defendant bank, under a writ of fi. fa. issued from the above-mentioned court in ithe suit entitled Jackson Parish Bank v. R. J. Embry et ah, No. 821, seized and advertised for sale as property of the plaintiff, Embry, one mule colt, two years old, one buggy, one bay mare, one pair single harness, 15 bushels of corn, more or less, and 50 bundles of fodder, more or less. Plaintiff enjoined the sale, alleging that he was the head of a family and had an invalid wife dependent upon him for support; that he was a poor man and had no property except that seized; that neither his wife nor child owned any property whatever; that the property seized was exempt from seizure and sale under any legal process; that all of the property seized was worth $300; that all of the property was seized on the homestead occupied by plaintiff, and was necessary for his use and livelihood as a farmer, and for the support of his family during the current year; that he had been compelled to buy feed for said stock; that he had been deprived of the use of them, and had lost considerable time in causing the release of the property; that he had been compelled to incur attorney’s fees to the amount of $50; that on account of said injuries he had been damaged to the amount of $lu0; that the seizure was wanton, reckless, and illegal, and for the purpose of injuring and humiliating him; and that he was entitled to recover as punitive damages an additional sum of $100. He prayed that W. J. McBride, sheriff of Jackson parish, and the Jackson Parish Bank, be cited, and after due proceedings there be judgment in his favor perpetuating the writ of injunction and releasing the property and decreeing it exempt under the Constitution and laws of the state, and for judgment in solido against the defendant Jackson Parish Bank and the said sheriff in the additional sum of $200 damages as alleged, and each of them be condemned individually and in solido for the said sum, with 5 per cent, interest from judicial demand until paid. Defendant answered, pleading first a general denial. Further answering, it admitted the seizure of certain property of petitioner under a valid judgment in the suit of Jackson Parish Bank v. R. J. Embry, No. 821 on the docket of this honorable court, as shown by the return of the sheriff on writ of fi. fa. issued in said suit, but denied that the same was seized on the homestead occupied by petitioner or his family; denied that petitioner has or occupied a homestead in Jackson parish, or elsewhere in the state of Louisiana, or was entitled to claim any homestead or other property exemptions under the laws of Louisiana.
Respondent averred that, long prior to the seizure complained of, petitioner, with his family, had removed to the state of Texas and taken up there their residence permanently, and have since continued to reside, and now reside out of the state of Louisiana, together with other property, and had taken with him his household goods, and had offered to sell and was about to sell and dispose of the property seized, and by reason of his removal from the state of Louisiana and his acts aforesaid he abandoned all right, if any he ever had, which is denied, to claim any property exemption under the laws of this state.
*119 Respondent averred that the issuance of the writ of injunction herein was wrongful and illegal, obtained by false and fraudulent representations, and by reason of its wrong and illegal issuance respondent has been damaged in the sum of $50 attorney’s fees, and in the further sum of $100 in expenses incurred in preserving the property seized and time and expenses of attending court.
In view of the premises respondent prayed that the demands of petitioner be rejected at Ms cost, that the writ of injunction sued out herein be dissolved, and that it have judgment against petitioner and his bondsmen in the sum of $50 attorney’s fees, and in the further sum of $100 damages, as aforesaid, with legal interest, and for all necessary orders and relief.
The district court rendered judgment in favor of defendant, ordering that the injunction sued out be dissolved and annulled, and plaintiff to pay costs.
Plaintiff has appealed.
Opinion.
The plaintiff, a married man, resided with his wife and one child on 80 acres of land in Jackson parish, La. On the 28th of December, 1908, he made a “dation en paiement” of this land to his wife, Roxie Embry. A few days later the wife sold this land to J. W. Wadsworth. The land was the only land shown to have been owned by the husband. He had a mare, a mule colt, some corn and fodder, a cow, some household furniture, and a few other personal effects which he removed to his mother’s house, a mile or half a mile from the land which had been sold. A few days thereafter Embry and his wife left for Texas. Prior to doing so he stated to a number of persons that he was selling out and going to Texas. About a month after leaving he had his household goods shipped to him at Hico, Tex., to wMch place they had gone, and where the husband had rented a house and had obtained work.
About the 1st of March following, the Jackson Parish Bank, a judgment creditor of Embry, caused a fi. fa. to issue in execution of its judgment, and under said writ the sheriff seized and advertised for sale the mule colt, mar.e, buggy, harness, cow, corn, and fodder in the possession of Embry’s mother. On the 12th of March Embry came back from Texas and brought the present suit, enjoining the sale of the property under the allegations made by him in his petition.
Up to this time he had made, so far as the record shows, no arrangements to return to Louisiana, tie remained in the parish about a week. During that time he announced that he would return and make a crop later on a tract of 10 acres which he said he had rented, but up to the time of the trial neither he nor his wife had done so, and nothing had been done so far as the record shows towards starting a crop. The above statement of facts is taken sub-' stantially from the brief of defendant’s counsel and borne out by the transcript.
Before leaving Louisiana a child of Embry had died, and his farm prospects were discouraging, and we are satisfied that, when he and his wife left the state, they did so with the intention of making Texas thereafter their home. It is possible that he may have intended to return to Louisiana at some future time, should conditions be more favorable than when he left. This intention, if it existed, was not fixed, but contingent upon circumstances yet to arise.
It will serve no good purpose to recite the testimony upon which we form our conclusions. Under the circumstances disclosed by the evidence, we are of the opinion that the judgment creditor had the right to seize and sell the property under its judgment, and that the injunction which was issued was wrongfully taken out.
The judgment appealed from is correct, and it is hereby affirmed.